WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deborah H. Brown, | No. CV-17-4298-PHX-DKD |
| Plaintiff, | |
| v. | **ORDER** |
| Arizona Department of Corrections, | |
| Defendant. | |

Plaintiff Deborah H. Brown has filed a complaint and a request that she not be required to pay the filing fee because she cannot afford it. When a Plaintiff asks that the filing fee be waived because of an inability to pay the Court is required to evaluate the Plaintiff's complaint to determine whether the complaint sets forth a case that is properly in federal court. *See* 28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("It is also clear that [§] 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint [meaning a complaint filed without the prepayment of the filing fee] that fails to state a claim" on which relief may be granted.). The federal courts are courts of "limited jurisdiction" which means that the United States Constitution and laws of the United States limit what cases may be brought in federal court. Most lawsuits therefore are properly brought in state courts, which are courts of "general jurisdiction".

Plaintiff's complaint alleges that the Arizona Department of Corrections refused to employ Plaintiff in violation of "the Title VII Act, ADA [presumably the Age

Discrimination Act] and EPA [presumably the Equal Pay Act]." In particular, Plaintiff appears to complain that the Department of Corrections refused to hire her because of her past marijuana use. Plaintiff does not explain how an ADOC policy regulating the hiring of individuals with prior marijuana use violates any of the laws she cites ("the Title VII Act, ADA and EPA.").

Moreover, there is another problem with Plaintiff's complaint because she names the Arizona Department of Corrections, an agency of the state of Arizona, as the Defendant. The Eleventh Amendment to the United States Constitution prohibits individuals from suing states in federal court unless the Congress has removed that immunity. The Supreme Court has held that the states remain immune from suit in federal court by an individual for claims alleging employment actions violating the ADA. *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356, 374, 121 S.Ct. 955, 967-68 (2001); *Wennihan v. AHCCCS*, 515 F.Supp.2d 1040, 1047 (D.Ariz. 2005). While the Plaintiff's EPA claim may not be precluded by Arizona's sovereign immunity, it is unclear how Plaintiff can assert an EPA claim when the Defendant never hired or employed Plaintiff. "To make out a case under the Equal Pay Act, a plaintiff must prove that an employer is paying different wages to employees of opposite sex for equal work." *Hein v. Oregon College of Education*, 718 F.2d 910, 913 (9th Cir.1983), *citing Corning Glass Works v. Brennan*, 417 U.S. 188, 195, 94 S.Ct. 2223, 2228 (1974).

Notwithstanding these problems, if a defective complaint can be cured, the plaintiff is entitled to amend the complaint before the action is dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1127-30 (9th Cir. 2000). Therefore, the Court will give Plaintiff an opportunity to amend her complaint. In the amended complaint, each claim of an alleged violation must be set forth in a separate count, and the factual allegations must be separately numbered. Any amended complaint filed by Plaintiff must conform to the requirements of the Federal Rules of Civil Procedure, in particular Rule 8[1]. Plaintiff

---

[1] The Federal Rules of Civil Procedure, as well as the Court's Local Rules and a handbook to guide unrepresented parties are available at the District Court's website: www.azd.uscourts.gov (click on the link "For Those Proceeding Without an Attorney").

must take care in her amended complaint to specify how it is that the actions she complains of violate each act she cites ("the Title VII Act, ADA and EPA."). If Plaintiff does not file an amended complaint, or if Plaintiff files an amended complaint and fails to comply with the instructions in this Order, the assigned magistrate judge will issue a Report and Recommendation recommending that the Complaint, or amended complaint, be dismissed pursuant to 28 U.S.C. § 1915(e) and Rule 41(b) of the Federal Rules of Civil Procedure. If Plaintiff chooses to file an amended complaint, the Court will then rule on the pending motion seeking to file without the prepayment of fees.

Accordingly,

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2) will be held in abeyance pending the filing of an amended complaint.

**IT IS FURTHER ORDERED** that within **twenty one days** of this Order Plaintiff must file an amended complaint that cures the deficiencies identified in this Order.

**IT IS FURTHER ORDERED** that if Plaintiff does not file an amended complaint that complies with the instructions in this Order, within twenty one days of this Order, the assigned magistrate judge will issue a Report and Recommendation recommending that the Complaint be dismissed pursuant to 28 U.S.C. § 1915(e) and Rule 41(b).

**IT IS FURTHER ORDERED** that if Plaintiff files a compliant amended complaint, it may not be served until the Court screens the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

Dated this 19th day of December, 2017.

_____
David K. Duncan
United States Magistrate Judge